IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MATTHEW STALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-0807-DGK |
| | ) | |
| PHH MORTGAGE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**

This case arises out of allegations that Defendant PHH Mortgage Corporation ("PHH") has intentionally and willfully wrongfully foreclosed on Plaintiff Matthew Stalker's ("Stalker") home. Pending before the Court is Plaintiff's motion for temporary restraining order[1] (Doc. 5) brought pursuant to Federal Rule of Civil Procedure 65(b). Stalker seeks a temporary restraining order ("TRO"): (1) enjoining Defendant from "pursuing the removal of Plaintiff from his home through Defendant's unlawful detainer action against Plaintiff;" and (2) enjoining Defendant from selling Plaintiff's home. Finding Plaintiff has not established he will suffer an immediate and irreparable injury, the motion is DENIED.

Federal Rule of Civil Procedure 65(b) provides that,

> The court *may* issue a temporary restraining order without written or oral notice to the adverse party or its attorneys *only if*:
>
> (A) specific facts in an affidavit or a verified complaint *clearly show* that *immediate and irreparable injury*, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] Although captioned a "Motion for Temporary Restraining Order/Preliminary Injunction with Memorandum and Affidavits in Support" the Court construes it as a motion for temporary restraining order.

Fed. R. Civ. P. 65(b) (emphasis added).  In determining whether to grant a temporary restraining order, the Court considers (1) the threat of irreparable harm to the movant; (2) the balance between this harm and any injury that granting the injunction will inflict on the non-moving party; (3) the likelihood that the moving party will prevail on the merits; and (4) the public interest.  *Phelps-Roper v. Nixon*, 509 F.3d 480, 484 (8th Cir. 2007) (applying the *Dataphase* factors to request for a preliminary injunction); *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc); *Prudential Inc. Co. of Am. v. Inlay*, 728 F. Supp. 2d 1022, 1028 (N.D. Iowa 2010) (noting applications for preliminary injunctions and temporary restraining orders are measured against the same factors).  No single factor is determinative, they must be "balanced to determine whether they tilt towards or away" from granting the injunction.  *Noodles Dev., LP. v. Ninth Street Partners, LLP*, 507 F. Supp. 2d 1030, 1034 (E.D. Mo. 2007).  An injunction is an extraordinary remedy and the movant bears the burden of establishing the need for such relief.  *Id*.

Applying the Dataphase factors to the present case, the Court finds as follows.  First, Plaintiff has not established that he will suffer an immediate and irreparable injury if the Court does not issue a temporary restraining order.  Plaintiff reports the state court unlawful detainer action "is set for trial in early October, 2013" thus there is no risk of an immediate injury here.  It is also unclear whether Plaintiff's eviction is an irreparable harm.  To demonstrate a sufficient threat of irreparable harm the moving party must show that there is no adequate remedy at law, that is, that an award of damages cannot compensate the movant for the harm.  *See Noodles Dev.*, 507 F. Supp. 2d at 1036-37.  Plaintiff has not cited any Eighth Circuit caselaw holding eviction is an irreparable harm.  It appears to the Court that any wrongful eviction could be cured later by an

order re-admitting Plaintiff to the property and awarding monetary damages to compensate him for the expense of living elsewhere until he is re-admitted.

Second, the balance of harms factor tilts slightly in favor of granting the injunction. Granting the injunction will allow Plaintiff to stay in his home and avoid having his life substantially disrupted. However, it will also preclude Defendant from obtaining possession of the property and earning income from it. Thus, the harm Plaintiff faces is only slightly more substantial than the harm which Defendant faces. *Peterson v. Spectra Fin., Inc.*, No. 06-3796 (PAM/JSM), 2007 WL 967334, at *3 (D. Minn. March 29, 2007).

Third, Plaintiff is unlikely to prevail on the merits. To demonstrate likelihood of success on the merits, a movant need not show that he ultimately will succeed on its claims, only that the prospect for success is *sufficiently likely* to support the kind of relief he requests. *Noodles Dev., LP.*, 507 F. Supp. 2d at 1034 (emphasis added) (citations omitted). That is, the movant need only show "a fair chance of prevailing." *Phelps-Roper*, 509 F.3d at 485. Plaintiff argues he has shown likelihood of success because the motion and Complaint are verified "and because Court can deem as admitted that Defendant failed to honor the Deed of Trust securing Plaintiff's obligations to Defendant by ignoring and failing to satisfy" various HUD regulations. The Court has reviewed the Complaint and the various HUD regulations and is not convinced Plaintiff has a fair chance of prevailing.

Fourth and finally, the Court turns to the public policy factor. While public policy favors preventing wrongful foreclosure and unlawful eviction, the Court is not convinced that is what is happening here. On the other hand, public policy also favors enforcement of contractual obligations and repayment of mortgages. *Peterson*, 2007 WL 967334, at *4. Thus this factor weighs against granting the injunction.

3

After weighing the above factors, the Court holds Plaintiff has not carried his burden of showing that the Court should grant the extraordinary relief sought.  The motion is DENIED.

**IT IS SO ORDERED.**

Date:     September 20, 2013                    /s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT